REHM et al. v. WEISS.

(City Court of New York, General Term.   May 18, 1894.)

1. WITNESS—EXAMINATION—LEADING QUESTION.

   In an action for rent, it is error to allow plaintiff, in order to prove the lease, to be asked to "state to the jury what premises your firm let to defendant;" "For what months defendant owes your firm rent;" "How much did you let the premises for, per month?"—as such questions are leading, and call for conclusions.

2. LANDLORD AND TENANT—RENT—OUTSTANDING LEASE.

   No recovery for rent can be had against defendant, where there is an outstanding lease in a third person, and defendant is neither a party to, nor assignee of, such lease.

Appeal from trial term.

Action by Carl Rehm and others against William S. Weiss for rent.   From a judgment entered on a verdict directed in favor of plaintiffs, defendant appeals.   Reversed.

Argued before VAN WYCK and McCARTHY, JJ.

Chas. Goldzier, for appellant.

Ernest H. Ball, for respondents.

VAN WYCK, J.   Plaintiffs sue as landlords under an alleged express letting of certain premises by them to this defendant at the rent of $250 per month, payable in advance, and seek to recover this rent for the months of September and October, 1893.   The only witness examined on behalf of plaintiffs was plaintiff Koch; and the only proof which he made of such letting was by his answers to the following questions (to each of which defendant objected, as leading, and calling for a conclusion; his objection overruled, and his exception duly noted):

"Q. State to the jury what premises your firm let to defendant.   A. The store floor of 157 Fulton street.   Q. Kindly tell me for what months defendant owes your firm rent.   A. Part of September and October, 1893.   Q. How much did you let the premises for, per month?   A. $250 per month.   Q. How much has defendant paid you on account of those two months?   A. $200, in various ways."

The defendant's objections to these questions should have been sustained, and the plaintiff witness forced to give his conversations with defendant regarding the transactions which he claimed created the relation of landlord and tenant between his firm and the defendant, so as to enable the court, if not contradicted, and the jury, if disputed, to determine whether there was such letting, creating such relation.   This error might have been cured if the witness had subsequently been forced, either on his direct, cross, or redirect examination, to give any such conversations; but the record does not disclose such proof, and moreover it shows that when asked, under cross-examination, whether he could mention any conversation with defendant about the renting of these premises, he said the only conversation he ever had with defendant was that in October he asked defendant for the rent, and he replied, "I have not got it." This, certainly, was too meager to supply the defect in his proof re-

garding the creation and existence of the relation of landlord and tenant, for plaintiffs' action is upon an express demise, to recover the rent reserved; and, if it was for use and occupation, it could only be sustained on the ground of a subsisting tenancy between the parties. If there could be any doubt (but there is not) that under the conditions of the case, as above described, the defendant was entitled to his motion to dismiss on the ground that plaintiffs failed to show any hiring on the part of defendant, he should have prevailed on his other ground,—that there was at the time of defendant's occupancy an outstanding lease, under seal, of the same premises, from plaintiffs to persons other than defendant, whose possession was from and under such other persons, as their tenant, and not as tenant of plaintiffs,—the original landlords in such lease. The plaintiff witness, while under cross-examination, admitted the existence of such lease, and the same was then marked in evidence, and by its terms plaintiffs demised these same premises exclusively to such other persons "for the term of three years and one month from April 1, 1892;" and yet they sue the defendant, who is not a party to that lease, for rent of these premises for September and October, 1893, under an alleged express demise of the same to him by them. The defendant was not a party to, or bound by, this original lease from plaintiffs to such other persons, and it is not claimed that he was an assignee of such lease. There was no suggestion of a written assignment, and the interest of such persons named as lessees in this lease could only be transferred by writing. 2 Rev. St. p. 134, § 6. And until a re-entry for condition broken, or a surrender of the lease, such persons were the owners of the term created thereby; and the only remedy which plaintiffs had, to recover rent, was by action on the covenant against them, as lessees, or their assignees, if duly assigned. There is no proof even of a parol assignment of the lease to defendant, nor of a surrender of the lease, or that plaintiffs regarded the lease as surrendered. On the contrary, on October 12, 1893, they addressed a written notice to the lessees named in the lease "as tenants," and to this defendant as "undertenant," to remove from and vacate the premises, which notice they and this defendant obeyed by vacating, whereupon plaintiffs "gained possession of the premises by having the door forced open." There is no evidence which would support a finding that defendant was the tenant of plaintiffs. Assuming that the proof showed (which it does not) that defendant was in exclusive possession of the premises during September, and until October 12, 1893, the presumption is that he entered under the original lessees to the lease, whose term was outstanding and in whom the right of possession was vested, as subtenant, for there was no assignment to him of the lease, nor surrender of the same to plaintiffs. There was no privity of contract or estate between plaintiffs and defendant, and the complaint should have been dismissed. Hence, the judgment for plaintiffs, and the order denying motion for new trial, must be reversed, with costs to appellant, to abide the event.